IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRACEY B. WILLIAMS                                                                    PLAINTIFF

v.                                      Civil No. 6:17-CV-06112

CORPORAL BLANKENSHIP,                                                              DEFENDANTS
CCORPORAL GAGE, CORPORAL BEAN,
LIEUTENANT MAXWELL, COPORAL
PURIFOY, LIEUTENANT SWIFT,
SERGEANT COOKS, SERGEANT
WEEHUNT, CAPTAIN HANIE, CAPTAIN
KING, RONNIE L. GOLDEN, WARDEN
FAUST, DISCIPLINARY JUDGE KEITH
WADDLE (All of Arkansas Department of
Correction)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed his Complaint on October 26, 2017.  (ECF No. 1).  After Plaintiff corrected several deficiencies with his Complaint and *in forma pauperis* application (ECF Nos. 2, 4, 6, 9, 11), his Second Amended Complaint (ECF No. 8) is now ready for screening.

1

Plaintiff alleges his constitutional rights were violated by Defendant Maxwell, Gage, and Bean on October 9, 2017.  Plaintiff alleges he has "CML Leukemia" and had a "scrip" for a blanket, hat and coat, Plaintiff alleges these Defendants denied him these items when he was placed in isolation.  (ECF No. 8 at 4).  Plaintiff alleges they looked his "scrip" up in the computer, and denied him these items after learning that the "scrip" was valid.  (ECF No. 8 at 4).

Plaintiff alleges Defendants Faust, Outlaw, Golden, Hanie, King, Swift, and Waddle "sided with lies and bogus disciplinary of (4) four races[1] officers" to place him in the West Isolation Unit, which jeopardized his life due to the "severe coldness."  (ECF No. 2 at 5).

Plaintiff alleges Defendant Blankenship tried to refuse him insulin for his diabetes, and this action was motivated by racism.  (ECF No. 2 at 5).

Plaintiff alleges Defendants Swift, Purifoy, King, Hanie, Cooks, Weehunt, Warden Faust, and Outlaw "failed to act against the lies of Cpl. Blankenship, because [Plaintiff] went over him to get the medical needs I needed."  (ECF No. 2 at 5).  Plaintiff alleges that, on September 29, 2017, he woke up a little late for diabetes "shot call" because he had taken his chemotherapy pill at 2:30 a.m.  Plaintiff therefore did not hear Defendant Blankenship call the diabetes "shot call." Plaintiff alleges he then asked Defendant Blankenship to let him out to go and get his shot, and Blankenship refused to do so.  Plaintiff then asked him to call his superior, Defendant Weehunt, and Blankenship refused.  Plaintiff alleges he then went to the back door of his barracks, where he was let out.  Defendant Blankenship chased him.  At this point they were seen by Defendant Weehunt, who sent Plaintiff to the pill window.  Plaintiff alleges that from this point, Defendant Blankenship has "tried to cause me cruel and unusual punishment."  (ECF No. 8 at 5-6).

---

[1] This phrase is used elsewhere in Plaintiff's Complaint, and will be interpreted to mean racist.

2

Plaintiff alleges Defendants Blankenship, Maxwell, Bean, and Gage denied him the right to take his medications for leukemia, hypertension, and diabetes. Specifically, Plaintiff alleges these Officers in the Isolation section threatened him with bodily harm by putting something into the meals they served him, which left him afraid to eat, and therefore he "couldn't take medications or insulin for that reason." (ECF No. 8 at 6).

Plaintiff alleges he fasted from October 9, 2017 until October 24, 2017, because he was afraid to eat. Plaintiff names the following Defendants for this claim: Gage, Bean, Maxwell, Waddle, Golden, King, Faust, Outlaw, Cooks, Weehunt, Swift, Purifoy, and Hanie. (ECF No. 8 at 6).

Plaintiff proceeds against all Defendants in their official and personal capacities. (ECF No. 8 at 4-6). Plaintiff seeks compensatory and punitive damages. (ECF No. 8 at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff failed to state any plausible official capacity claims. He did, however, provide sufficient allegations to state several plausible personal capacity claims.

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

#### A. Official Capacity Claims

Plaintiff alleged no custom or policy of the ADC which violated his rights. He, therefore, states no official capacity claims. Further, the Defendants are all employees of the ADC. An official capacity claim against an ADC employee is essentially a claim against the State of Arkansas. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)).

### B. Personal Capacity Claims

#### 1. Defendants Maxwell, Gage, and Bean – Denial of Prescribed Blanket and Warm Clothing

Plaintiff alleges these Defendants knowingly denied him a prescribed blanket, hat, and coat when he was taken to the Isolation unit, despite his CML Leukemia. This allegation states a claim sufficient to survive screening. *See Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) (Denial of clothing can constitute an Eighth Amendment if prison staff "knowingly disregard an excessive risk to the inmate's health or safety.").

#### 2. Defendants Faust, Outlaw, Golden, King, Swift, and Waddle – Disciplinary Charge

Plaintiff's claim these Defendants violated his rights when they permitted a "bogus disciplinary" charge, and placed him in isolation is barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The *Heck* doctrine applies to inmate disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). An inmate challenge to the validity of a disciplinary conviction is barred by *Heck*. *Edwards,* 520 U.S. at 646-48. Any challenge to the effect of the disciplinary sanction on the award or revocation of good-time credit is also barred, as the credit will ultimately change the duration of the sentence served. *Id.* Thus,

*Heck* requires favorable termination of the disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." *Sheldon v. Hundley,* 83 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 Fed App'x 571, 571-72 (8th Cir. 2011) (Plaintiff's claims regarding his disciplinary convictions, including restoration of good- time credits, declaratory relief, and damages based on those convictions were *Heck*-barred.)

Here, Plaintiff has not alleged the disciplinary charge which resulted in his placement in the isolation unit was favorably terminated. These claims are therefore *Heck*-barred.

### 3. Defendant Blankenship – Denial of Insulin for Racially Motivated Reasons

Plaintiff alleges Defendant Blankenship tried to deny him his insulin and did so for racially motivated reasons. This allegation states a claim sufficient to survive screening. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted) ("Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race.").

### 4. Defendants Swift, Purifoy, King, Hanie, Cooks, Weehunt, Faust, and Outlaw – Failure to Counteract Lies of Defendant Blankenship

Plaintiff alleges Defendants Swift, Purifoy, King, Hanie, Cooks, Weehunt, Warden Faust, and Outlaw "failed to act against the lies of Cpl. Blankenship, because [Plaintiff] went over him to get the medical needs I needed." (ECF No. 2 at 5). This allegation does not state a claim of constitutional dimension, and appears to refer to the *Heck*-barred allegations discussed earlier in this opinion.

### 5. Defendants Blankenship, Maxwell, Bean, and Gage – Threat to Taint Food

Plaintiff further alleges Defendants Blankenship, Maxwell, Bean, and Gage threatened to put something in his food to cause him physical harm, making him afraid to eat and therefore unable to take his medication. Plaintiff characterizes this as a denial of his medication. This allegation states a claim sufficient to survive screening. *See Burton v. Livingston*, 791 F.2d 97,

100-101 (8th Cir. 1986) (A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

### 6. Defendants Gage, Bean, Maxwell, Waddle, Golden, King, Faust, Outlaw, Cooks, Weehunt, Swift, Purifoy, and Hanie - Fasting

Next Plaintiff alleges he fasted from October 9, 2017 until October 24, 2017, because he was afraid to eat. Plaintiff names the following Defendants for this claim: Gage, Bean, Maxwell, Waddle, Golden, King, Faust, Outlaw, Cooks, Weehunt, Swift, Purifoy, and Hanie. (ECF No. 8 at 6). Other than the allegation discussed above that Defendants Blankenship, Maxwell, Bean, and Gage threatened to put something into his food to harm him, Plaintiff did not describe the actions or inactions of these Defendants which caused him to fast. As Plaintiff did not affirmatively link the conduct of Defendants Waddle, Golden, King, Faust, Outlaw, Cooks, Weehunt, Swift, Purifoy, and Hanie to his fasting, his claims against them for fasting are subject to dismissal. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's following claims be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a):

1. All official capacity claims;

2. Personal capacity claim against Defendants Faust, Outlaw, Golden, King, Swift, and Waddle regarding a disciplinary charge;

3. Personal capacity claim against Defendants Swift, Purifoy, King, Hanie, Cooks, Weehunt, Faust, and Outlaw for failure to counteract the lies of Defendant Blankenship;

7

4. Personal capacity claim against Defendants Waddle, Golden, King, Faust, Outlaw, Cooks, Weehunt, Swift, Purifoy, and Hanie regarding Plaintiff's period of fasting.

I further recommend that Plaintiff's following claims remain for further resolution:

1. Personal capacity claim against Defendants Maxwell, Gage, and Bean for denial of Plaintiff's prescribed blanket and warm clothing in isolation;

2. Personal capacity claim against Defendant Blankenship for denial of insulin for racially motivated reasons;

3. Personal capacity claim against Defendants Blankenship, Maxwell, Bean, and Gage for the threat to taint Plaintiff's food and cause him physical harm.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of June 2018**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE