IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRACEY B. WILLIAMS                                                                    PLAINTIFF

v.                                      Civil No. 6:17-CV-06112

CORPORAL BLANKENSHIP, CORPORAL                                              DEFENDANTS
GAGE, CORPORAL BEAN and
LIEUTENANT MAXWELL

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment. (ECF No. 41).

### I. BACKGROUND

Plaintiff filed his Complaint on October 26, 2017. (ECF No. 1). Plaintiff corrected several deficiencies with his Complaint and *in forma pauperis* application (ECF Nos. 2, 4, 6, 9, 11), and filed his Second Amended Complaint (ECF No. 8) on December 18, 2017.

Plaintiff alleges his constitutional rights were violated by Defendant Maxwell, Gage, and Bean on October 9, 2017. Plaintiff alleges he has "CML Leukemia" and had a "scrip" for a blanket, hat and coat, Plaintiff alleges these Defendants denied him these items when he was placed in isolation. (ECF No. 8 at 4). Plaintiff alleges they looked his "scrip" up in the computer, and denied him these items after learning that the "scrip" was valid. (ECF No. 8 at 4).

1

Plaintiff alleges Defendants Faust, Outlaw, Golden, Hanie, King, Swift, and Waddle "sided with lies and bogus disciplinary of (4) four races[1] officers" to place him in the West Isolation Unit, which jeopardized his life due to the "severe coldness." (ECF No. 2 at 5).

Plaintiff alleges Defendant Blankenship tried to refuse him insulin for his diabetes, and this action was motivated by racism. (ECF No. 2 at 5).

Plaintiff alleges Defendants Swift, Purifoy, King, Hanie, Cooks, Weehunt, Warden Faust, and Outlaw "failed to act against the lies of Cpl. Blankenship, because [Plaintiff] went over him to get the medical needs I needed." (ECF No. 2 at 5). Plaintiff alleges that, on September 29, 2017, he woke up a little late for diabetes "shot call" because he had taken his chemotherapy pill at 2:30 a.m. Plaintiff therefore did not hear Defendant Blankenship call the diabetes "shot call." Plaintiff alleges he then asked Defendant Blankenship to let him out to go and get his shot, and Blankenship refused to do so. Plaintiff then asked him to call his superior, Defendant Weehunt, and Blankenship refused. Plaintiff alleges he then went to the back door of his barracks, where he was let out. Defendant Blankenship chased him. At this point they were seen by Defendant Weehunt, who sent Plaintiff to the pill window. Plaintiff alleges that from this point, Defendant Blankenship has "tried to cause me cruel and unusual punishment." (ECF No. 8 at 5-6).

Plaintiff alleges Defendants Blankenship, Maxwell, Bean, and Gage denied him the right to take his medications for leukemia, hypertension, and diabetes. Specifically, Plaintiff alleges these Officers in the Isolation section threatened him with bodily harm by putting something into the meals they served him, which left him afraid to eat, and therefore he "couldn't take medications or insulin for that reason." (ECF No. 8 at 6).

---

[1] This phrase is used elsewhere in Plaintiff's Complaint, and will be interpreted to mean racist.

Plaintiff alleges he fasted from October 9, 2017 until October 24, 2017, because he was afraid to eat. Plaintiff names the following Defendants for this claim: Gage, Bean, Maxwell, Waddle, Golden, King, Faust, Outlaw, Cooks, Weehunt, Swift, Purifoy, and Hanie. (ECF No. 8 at 6).

Plaintiff proceeds against all Defendants in their official and personal capacities. (ECF No. 8 at 4-6). Plaintiff seeks compensatory and punitive damages. (ECF No. 8 at 7).

Several of Plaintiff's claims were dismissed at PLRA preservice screening. (ECF No. 15, 19). The remaining claims are as follows:

- Personal capacity claim against Defendants Maxwell, Gage, and Bean for denial of Plaintiff's prescribed blanket and warm clothing in isolation;
- Personal capacity claim against Defendant Blankenship for denial of insulin for racially motivated reasons;
- Personal capacity claim against Defendants Blankenship, Maxwell, Bean, and Gage for the threat to taint Plaintiff's food and cause him physical harm. (ECF No's. 15 at 8; 19 at 3).

Defendants filed their Motion for Summary Judgment on August 12, 2019. (ECF No. 41). On August 13, 2019, the Court entered an Order directing Plaintiff to file his Response to the Summary Judgment Motion by September 3, 2019. (ECF No. 45). In the Order, Plaintiff was advised that failure to file a Response by the deadline could result in all facts set forth by Defendants being deemed admitted, or in the dismissal of his case. (*Id*.). On September 18, 2019, the Court entered and Order to show cause, directing Plaintiff to show cause why this action should not be dismissed based on his failure to obey the Court and to prosecute this case. Plaintiff was

directed to Respond by October 9, 2019. (ECF No. 51). Defendants filed a Motion to Supplement on August 14, 2019. (ECF No. 47).

Plaintiff filed his Show Cause Response on September 23, 2019. (ECF No. 52). Plaintiff states he sent a Response on September 8, 2019, and attributes the late submission to his need to wait for a manila envelope for indigent prisoners. (ECF No. 52 at 1). Plaintiff also filed his Response to the Summary Judgment Motion on September 23, 2019. (ECF No. 53). The Court will consider Plaintiff's Response in making its recommendation in this Order.

Defendants filed a Reply to Plaintiff's Response on September 30, 2019. (ECF No. 54).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not

adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

Defendants argue the claims against them should be dismissed because: 1.) Plaintiff failed to exhaust his administrative remedies for any of his claims; 2.) they are entitled to qualified immunity; 3.) Defendant Blankenship did not violate Plaintiff's Equal Protection rights; 4.). Plaintiff did not experience any unconstitutional conditions of confinement; 5.) Defendants did not violate Plaintiff's rights by threatening his food; 6.). Defendant Maxwell was not directly involved in anu incident and therefore cannot be liable. (ECF No. 42).

Plaintiff's Response is difficult to follow, but appears to both repeat his claims and provide additional detail concerning them, including the claims that were dismissed. (ECF No. 53).

In their Reply, Defendants state that they did not receive a Response from Plaintiff prior to the one currently filed in the case. They also note that Plaintiff did not file a Separate Statement of Facts as directed in the Court's Order. (ECF No. 54). They ask that their facts be deemed admitted and note that it is undisputed that Plaintiff failed to exhaust his administrative remedies. They further note that they are entitled to qualified immunity and Plaintiff has not met proof with proof. (*Id.*).

The record indicates that Plaintiff failed to exhaust his administrative remedies for any of his claims. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural

rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). The "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). The purpose of the exhaustion requirement is to "give the agency a fair and full opportunity to adjudicate their claims." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines." *Id*.

The Eighth Circuit Court of Appeals, however, has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (explaining that a prisoner is only required to exhaust those administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

According to the ADC Medical Grievance Supervisor, Plaintiff filed no medical grievances concerning his claims in this case during the relevant time period. (ECF No. 41-3). According to the ADC Inmate Grievance Supervisor, Plaintiff filed only one institutional grievance which named Defendant Gage and Defendant Maxwell – OR-17-01764. (ECF No. 41-1). This grievance did not address his claims in the case, instead grieving the confiscation of some of Plaintiff's personal property and contraband items. (*Id*.). Further, OR-17-01764 was not exhausted until

6

December 1, 2017.  (*Id*.).  Plaintiff filed this case on October 26, 2017. [2]  Plaintiff does not present any allegations in either his Complaint or his Response which would trigger an exception to the mandatory PLRA exhaustion requirement.

Plaintiff therefore failed to exhaust his administrative remedies concerning his claims in his case, and it should be dismissed as a matter of law.  As Plaintiff failed to exhaust his administrative remedies it is not necessary to address Defendants' other arguments.

### IV.  CONCLUSION

Accordingly, I recommend that Defendants' Motion for Summary Judgment (ECF No. 41) be GRANTED and Plaintiff's Complaint (ECF No. 8) be DISMISSED WITHOUT PREJUDICE.[3]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **6th day of January 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants also argue that Plaintiff admitted in his deposition that he did not exhaust a grievance he filed concerning the alleged denial of insulin. (ECF No. 42 at 8).  There is no evidence of a grievance filed concerning insulin in the relevant time period.  Even if one had been filed, Plaintiff admitted in his deposition that he did not follow through with the grievance because he received his insulin. (ECF 41-5 at 2).  Plaintiff does appear to have submitted an Inmate Request Form concerning the removal of an extra blanket and clothing; however, an IRF is not part of the ADC grievance process. (ECF No's. 53 at 17; 41-2).

[3] *See Barbee v. Correctional Medical Services*, 394 Fed App'x 337 (8th Cir. 2010) (dismissal of a case for failure to exhaust is to be done without prejudice).